UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Case No. 3:98-cr-298-J-34JBT

MARK JACOB JONES, SR.,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Defendant Mark Jacob Jones, Sr.'s Petition for Writ of Error Coram Nobis, filed on June 22, 2017. (Doc. 161; Petition). The United States filed a Response in opposition on September 27, 2017. (Doc. 168; Response). Accordingly, the Petition is ripe for review.

**I.    BACKGROUND**

The procedural history is set forth in United States v. Jones, 289 F.3d 1260 (11th Cir. 2002).

> In July and August of 1998, Defendant Jones filed false tax returns on behalf of a number of third parties, persuaded others to forge the third parties' endorsements on the refund checks, and deposited these checks into his accounts at two federally-insured credit unions. In November of 1998, a federal grand jury returned a superceding indictment against Jones containing one count for bank fraud and forty-eight counts for making false claims against the United States. Pursuant to a plea agreement, Jones pled guilty to the one count for bank fraud and one count for making a false claim against the United States . . . The court then sentenced Jones to a term of 33 months for each of the two counts, the terms to run concurrently, and to supervised release for terms of five years on the bank fraud count and three years on the false claim count, the terms to run concurrently upon his release from imprisonment.

Id. at 1264-65 (footnote omitted).

On July 29, 1999, Jones filed his first petition for a writ of error coram nobis. (Doc. 103). The Court denied the first petition without prejudice because Jones's direct appeal was still pending. (Doc. 124). The Eleventh Circuit Court of Appeals affirmed Jones's conviction and sentence on April 8, 2002. (Doc. 157). Jones petitioned the United States Supreme Court for a writ of certiorari, which the Court denied on December 2, 2002. Jones v. United States, 537 U.S. 1049 (2002).

According to Jones, he was released from prison on September 4, 2001, and he completed his term of supervised release in 2010. Petition at 3. Jones filed the instant Petition for Writ of Error Coram Nobis on June 22, 2017, long after completing his sentence. He asserts that he was denied the effective assistance of counsel in connection with his decision to plead guilty, that he is actually innocent of the offenses of conviction because he was convicted under the wrong statutes, that his attorney was addicted to alcohol, and that appellate counsel failed to raise these issues on appeal. Id.

## II.   APPLICABLE LAW

The All Writs Act, 28 U.S.C. § 1651(a), authorizes federal courts to issue writs of error coram nobis. United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). The remedy by writ of error coram nobis may be "available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002). However, "[t]he writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." Mills, 221 F.3d at 1203 (citation omitted). "The bar for coram nobis relief is high. First, the

writ is appropriate only when there is <u>and was</u> no other available avenue of relief." <u>Alikhani v. United States</u>, 200 F.3d 732, 734 (11th Cir. 2000) (emphasis added) (citing <u>United States v. Morgan</u>, 346 U.S. 502, 512 (1954); <u>Moody v. United States</u>, 874 F.2d 1575, 1578 (11th Cir.1989)). As such, "an available statutory habeas remedy precludes coram nobis relief." <u>United States v. Brown</u>, 117 F.3d 471, 474-75 (11th Cir. 1997). "Second, the writ may issue 'only when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid.'" <u>Alikhani</u>, 200 F.3d at 734 (quoting <u>Moody</u>, 874 F.2d at 1576–77). The Eleventh Circuit has "assumed but not decided that ineffective assistance of counsel may constitute an error so 'fundamental' as to warrant coram nobis relief." <u>Gonzalez v. United States</u>, 981 F.3d 845, 851 (11th Cir. 2020) (citing <u>Moody</u>, 874 F.2d at 1577 n.3). Moreover, a petitioner seeking coram nobis relief must show "sound reasons for failing to seek relief earlier." <u>Mills</u>, 221 F.3d at 1204.

### III.   APPLICATION

Because Jones (1) fails to demonstrate that there was no other avenue of relief available and (2) has not shown sound reasons for failing to seek relief earlier, his Petition is due to be denied.

In the Petition, Jones seeks to correct his allegedly wrongful sentence by asserting that he received ineffective assistance of counsel before the trial court and on appeal, in violation of the right to effective counsel guaranteed by the Sixth Amendment. <u>See</u> Petition at 2. He contends that counsel allowed him to plead guilty under the wrong statutes, and that he is actually innocent of the charges of conviction (<u>i.e.</u>, aiding and abetting bank fraud under 18 U.S.C. §§ 1344 and 2 and making a fraudulent claim against the United States

under 18 U.S.C. § 287). Instead, he claims that he should have been convicted under 18 U.S.C. § 641 for theft of government property and 18 U.S.C. §§ 495 and 510(a) for passing or uttering false or forged instruments. See Petition at 2, 9–10. Jones contends he would not have pleaded guilty had he known he was admitting guilt under the wrong statutes. In support of his arguments, Jones primarily relies on the United States Supreme Court's decision in Rosemond v. United States, 572 U.S. 65, 134 S. Ct. 1240, 188 L. Ed. 2d 248 (2014)[1], and the Seventh Circuit's decision in United States v. Davis, 989 F.2d 244 (7th Cir. 1993).[2]

Jones fails to address the remedy that was available to him under 28 U.S.C. § 2255, which provides that "[a] prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Under § 2255, a movant is subject to "[a] 1-year period of limitation" that runs, in this case, from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).[3] In the Eleventh Circuit, "a 'judgment of conviction becomes final' within the meaning of § 2255 . . . on the date on which the Supreme Court

---

[1] In Rosemond, the Supreme Court held that to convict a defendant of aiding and abetting using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime," in violation of 18 U.S.C. § 924(c) and § 2, "the Government makes its case by proving that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." 572 U.S. at 67, 134 S. Ct. at 1243.

[2] In Davis, the Seventh Circuit held that a defendant did not attempt to defraud a bank of any property when he presented a tax refund for deposit into the account of a fictitious corporation, where the defendant tricked a homeless person into endorsing the check. 989 F.2d at 246–47.

[3] The Supreme Court's decision in Rosemond would not have triggered § 2255(f)(3)'s extended limitations period because Rosemond, which involved the elements of aiding and abetting a violation of § 924(c), is not relevant to Jones's case. In any event, Jones was no longer in custody by the time Rosemond was decided.

4

issues a decision on the merits or denies certiorari." Kaufmann v. United States, 282 F.3d 1336, 1339 (11th Cir. 2002).

Jones's conviction and sentence became final on December 2, 2002, when the United States Supreme Court denied his petition for a writ of certiorari. Jones fails to explain why he did not take advantage of the opportunity to seek § 2255 relief, which was available to him from December 2, 2002 until December 2, 2003. Jones, although not physically incarcerated during that period, was still on supervised release and therefore in custody for purposes of § 2255. As such, § 2255 relief was available to him. Brown, 117 F.3d at 475 (stating "a person serving a term of supervised release . . . [is] 'in custody' within the meaning of § 2255."). And, because Jones contends that his conviction and sentence were "imposed in violation of the Constitution or laws of the United States," 28 U.S.C. § 2255(a), based on the ineffective assistance of counsel, his claims would have been cognizable under § 2255. Nevertheless, Jones inexplicably did not to take advantage of this avenue of relief. Because Jones had a statutory habeas remedy available and neglected to use it, he is unable to obtain coram nobis relief.

Additionally, even if Jones did not have an available statutory remedy, his Petition would still be denied because he unreasonably delayed filing the Petition. A court can grant a writ of error coram nobis "only where . . . the petitioner presents sound reasons for failing to seek relief earlier." Mills, 221 F.3d at 1204. "The law does not require a coram nobis petitioner to challenge his conviction 'at the earliest opportunity,' but he must have 'sound reasons for not doing so.'" Gonzalez, 981 F.3d at 852 (quoting Ragbir v. United States, 950 F.3d 54, 63 (3d Cir. 2020)).

5

Jones did not file the Petition until 15 years after his conviction and sentence became final, seven years after his term of supervised release ended, and three years after the Supreme Court decided Rosemond. Jones does not adequately explain why he waited so long to file the Petition. And Jones has long been aware of the availability of coram nobis relief because he filed such a petition in 1999. (Doc. 124). In any event, "procedural ignorance" of the potential for coram nobis relief "is not 'an excuse for prolonged inattention' when the law calls for diligence." Gonzalez, 981 F.3d at 853 (quoting Johnson v. United States, 544 U.S. 295, 311 (2005)). In Gonzalez, the Eleventh Circuit held that a coram nobis petitioner had not shown good reasons for delay where he filed the petition 20 months after deportation proceedings commenced. Id. Here, Jones fails to justify waiting at least three years (dating from Rosemond), if not longer, to file the Petition. Considering both Jones's knowledge of his ability to petition for a writ of error coram nobis and his delay of several years before filing this Petition, he has not "present[ed] sound reasons for failing to seek relief earlier." Mills, 221 F.3d at 1204.

This Court finds that Jones has failed to demonstrate that there was no other adequate remedy available to him and has failed to offer an adequate excuse for waiting several years before seeking coram nobis relief.

Accordingly, it is hereby **ORDERED:**

1. Defendant Mark Jacob Jones, Sr.'s Petition for Writ of Error Coram Nobis (Doc. 161) is **DENIED**.

2. Jones's "Notice of Motion Requesting Default Judgment Against the United States of America pursuant to Federal Rule of Civil Procedure Rule 55(d)" (Doc. 167), construed as a motion for default judgment, is **DENIED**. The United States filed a

6

timely response after obtaining an extension of time. (See Docs. 165, 166, 168).

3. Jones's request for an evidentiary hearing and appointment of counsel, contained within his unauthorized reply (Doc. 169), see Rule 3.01(c), Local Rules, United States District Court for the Middle District of Florida, is **DENIED**.

4. Jones's "Notice of Motion to Compel this Court to Decide Petitioner Jones [sic] Request for Coram Nobis Relief" (Doc. 173) is **GRANTED** to the extent the Court issues this Order.

5. Jones's "Petition for Writ of Mandamus pursuant to 28 U.S.C. [§] 1361, and Request for Evidentiary Hearing with Video Conferencing, In Regards to Writ of Error Coram Nobis" (Doc. 174) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Jacksonville, Florida on this 4th day of January, 2021.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

i44 / lc 19

Copies to:

Counsel of Record
Pro Se Parties